UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

A.V.

      against

**THE NEW YORK STATE BOARD OF LAW EXAMINERS**; **CARMEN BEAUCHAMP CIPARICK**, in her official capacity as Chair, New York State Board of Law Examiners; **JOHN J. MCALARY**, in his official capacity as Executive Director, New York State Board of Law Examiners; **JESSICA A. MCCLUNG**, in her official capacity as Deputy Executive Director, New York State Board of Law Examiners; **BRYAN R. WILLIAMS**, in his official capacity as a Member, New York State Board of Law Examiners; **MICHAEL COLODNER**, in his official capacity as a Member, New York State Board of Law Examiners; **VICTORIA A. GRAFFEO**, in her official capacity as a Member, New York State Board of Law Examiners; **CAROL C. VILLEGAS**, in her official capacity as a Member, New York State Board of Law Examiners; **LAWRENCE LEWANDOWSKI**, in his official capacity as a Consultant, New York State Board of Law Examiners, and as an individual
_____X
STATE OF NEW YORK
COUNTY OF NASSAU SS.:

OBJECTION TO MAGISTRATE'S FINDINGS

Civil Action No:
25-CV-4128(NJC)(LGD)

**RECEIVED**
October 29, 2025
**PRO SE OFFICE**

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S ORDER ON UNOPPOSED MOTION TO PROCEED ANONYMOUSLY

  I, the pro se Plaintiff A.V., respectfully submit the following Objections to the Order issued by the Honorable Lee G. Dunst, on October 15, 2025 (the "Order"), pursuant to Federal Rule of Civil Procedure 72(a). The Order denied the portion of my unopposed motion to proceed anonymously.

**STANDARD OF REVIEW**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), a party may object to an order issued by a magistrate on a non-dispositive matter, within fourteen (14) days of being served with the order. The District Judge in the case must consider timely objections and modify or set aside any part of the order that is erroneous or contrary to law. Fed. R. Civ. P. 72(a). My objections are timely.

**ARGUMENT**

**THE PORTION OF THE MAGISTRATE'S ORDER THAT DENIED PLAINTIFF'S UNOPPOSED MOTION TO PROCEED ANONYMOUSLY IS CLEARLY ERRONEOUS AND CONTRARY TO LAW**

By motion filed September 22, 2025, I sought to proceed anonymously in this action. None of the Defendants opposed this portion of my motion. Nevertheless, Magistrate Dunst denied this portion of my motion. This was clearly erroneous and contrary to existing law.

In Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Cir. 2008), the Second Circuit held that when a court is ruling on a motion to proceed anonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Id. at 189. To facilitate this balancing, the Second Circuit set forth a list of factors the motion court should consider. Notably, a district court is not required to discuss every factor or use any particular formulation. See, Doe v. Epiq eDiscovery Solutions, Inc., 2025 WL 2613826 (S.D.N.Y 2025). Here, the Magistrate failed to properly balance the relevant factors.

**FACTORS FROM SEALED PLAINTIFF**

In considering my request to proceed with a pseudonym, the Magistrate erroneously applied and failed to apply the factors from Sealed Plaintiff, as set forth below.

*1. Whether the litigation involves matters that are highly sensitive and of a personal nature,*

The Magistrate acknowledged that my medical condition is "personal, private, and sensitive" – however, made the conclusory determination that it "does not rise to the level to warrant anonymity as cited in other decisions such as sexual orientation, pregnancy, or again, involvement of minor children." (Conference Transcript, 14:10-14, October 15, 2025). Notably, the Magistrate completely disregarded the fact that disabilities, especially in ADA cases, constitute highly sensitive matters of a personal nature, as seen in the strikingly similar case of T.W., where anonymity was granted by this Court.

*2. Whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties,*

The Magistrate stated that I "failed to cite specifically sufficient harm, specifically specific harm to justify this exceptional relief and that the request is merely conclusory and speculative in terms of the claimed injury here." (Conference Transcript, 15:16-20, October 15, 2025).

The Magistrate completely ignored my assertion in my previous request, in which I stated:

> If my identity is revealed in this litigation, I am at risk of losing the right to keep the fact that I have a disability, the intricate details of my condition, and my request for accommodations all confidential. Such confidentiality rights are statutorily protected, as set forth in the following paragraph. Not only would such disclosure cause personal embarrassment and reputational harm, but it would also place me at risk of scrutiny from potential employers or clients who may not understand the validity and necessity of disability accommodations (which is evidently a widespread issue, as indicated by the necessity of bringing this litigation).

Further, harm caused by the publication of the mere fact that I have a disability by reason of which I require accommodations for, is not merely speculative. In DFEH v. LSAC, Inc., Case No. CV 12-1830-EMC, plaintiffs challenged LSAC's practice of "flagging" LSAT scores that

were attained by candidates who received disability accommodations, in violation of the ADA.[1] The LSAC case and its disposition demonstrate the rampant stigma associated with testing accommodations in the legal profession, and the importance of the confidentiality rights of disabled individuals under the ADA. It is unfortunate, but even in the legal profession entirely made up of highly educated individuals, the stigma surrounding disabilities is still present and rampant.

*3. Whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.*

The Magistrate failed to address this factor. In my previous request, I had set forth that

> If required to proceed with this litigation using my full name, I will be deprived of my confidentiality rights, as provided under the ADA. The ADA states that with respect to employment entrance examinations, (which the bar exam essentially is for the legal profession in New York State), "information obtained regarding the medical condition or history of the applicant [must be] collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record[.]" 42 U.S.C. § 12112(d)(B). BOLE is required to maintain the confidentiality of my request for accommodations and accompanying documentation. Requiring me to disclose my full name and other identifying information in this matter would effectively allow BOLE to circumvent this confidentiality requirement by engaging in a denial of the ADA's substantive provisions necessitating litigation.

Accordingly, a violation of the Americans with Disabilities Act, which is the injury against which I am litigating, would be incurred, if I am not permitted to proceed anonymously.

*4. Age*

The Magistrate made the conclusory finding that, as I am twenty-four (24) years old, my age does not support the redaction of my name.

The Magistrate did not address the particular age-related vulnerability that I had set forth in my initial request – instead, making the mere conclusory assertion that "unlike other cases,

---

[1] See https://www.justice.gov/archives/opa/pr/law-school-admission-council-agrees-systemic-reforms-and-773-million-payment-settle-justice.

[my] age does not support proceeding anonymously as in the case of minors." (Conference Transcript, 14:7-9, October 15, 2025).

In my previous request, I had set forth that "[a]t such a young age and in the crucial, early stages of my career, I am particularly vulnerable to the harms of stigmatization associated with mental disabilities and requests for accommodations."

Further, it is notable that the plaintiff in T.W. was also not a minor – yet anonymity was still granted.

### 5. Whether the suit is challenging the actions of the government or that of private parties,

The Magistrate did not address the fifth factor – and failed to acknowledge that this lawsuit is one challenging actions of a government entity, which weighs in favor of the granting of anonymity.

### 6. Whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court,

Notably, the Magistrate did not address the crucially relevant sixth factor, and completely disregarded the fact that not only would Defendants not be prejudiced in any way by the granting of anonymity – but also, that Defendants *did not oppose* this requested relief.

### 7. Whether the plaintiff's identity has thus far been kept confidential

The Magistrate stated that "the plaintiff has not kept the plaintiff's identity secret" as it's already been disclosed in public filings in this case . . . ." (Conference Transcript, 14:19-21, October 15, 2025). The Magistrate stated that "[f]irst, in the Complaint, which was filed publicly on the docket at docket entry 1, specifically on page 24 in the verification that was filed publicly on the docket, it includes plaintiff's full name, both first name and last name, and is in fact signed by the plaintiff. There's a signature line with her full name on it." (Conference Transcript, 14:22-25, 15:1-3, October 15, 2025).

The Magistrate completely disregarded the fact that I had gone to extreme lengths, since prior to initiating this action, to protect the confidentiality of my identity throughout this proceeding. This action was only very recently initiated, and as previously stated, I have taken all

possible steps to ensure that my anonymity was maintained to the maximum extent possible during every step of this case. In fact, I had redacted my name from the Complaint prior to filing it, and signed it with only my initials – except for the verification page. With respect to the verification, which was notarized, I was informed by the notary that she would be unable to sign the verification of just my initials, and that it had to be my entire name, and again, I was reassured by the pro se clerk that I would be able to seek redaction upon a motion before this Court.

The Magistrate further stated, "I also note, as was discussed at the outset of our conference today, that the docket in this case includes an email address with the plaintiff's name, first initial, followed by last name . . . . Until more recently, the plaintiff has sought to update that information with a more anonymized email address." (Conference Transcript, 15:4-10, October 15, 2025).

Notably, the Magistrate was referencing the concern that I had raised regarding Document Numbers 21 and 22 filed by Assistant Attorney General James Brennan Cooney, which contained my full address and email address – despite this Court having allowed me to temporarily proceed anonymously, pending the Court's determination on my request. Prior to this occurrence, I was informed by the pro se clerk that my email address would only be used to notify me of docket entries, and would not be displayed anywhere publicly. It was only after Assistant Attorney General James Brennan Cooney's filing containing my full email address (and home address that was required for the summons) that I sought to update my email address with a more anonymized one.

The Magistrate further stated "[a]nd I also note that the Plaintiff's home address has been included repeatedly in the public filings in this case." (Conference Transcript, 15:11-13, October 15, 2025).

After redacting my name from the Complaint (prior to filing it) in the Pro Se Office of this Court, at the direction of the pro se clerk, who stated that if not a name, at least an address is needed for proper service, I reluctantly added my home address to the Complaint. Contemporaneously, the pro se clerk informed me that this address could be redacted from the Complaint through a motion upon this Court. Any subsequent references to my address on the docket of this case were included beyond my control.

Notwithstanding the above, in T.W., the litigation had been ongoing with the Plaintiff's full name for more than one year with the Plaintiff's full name prior to anonymity being granted. Notwithstanding this, this Court still granted the Plaintiff's request, which was not even filed until after the Defendants' motion to dismiss was already briefed.

If this factor were to apply in the way in which the Magistrate applied it, it would be literally impossible to initiate litigation and proceed under a pseudonym – especially for pro se litigants.

*8. Public access*

The Magistrate also noted that "plaintiff made the decision to bring this lawsuit" and that "[t]he public is entitled to access judicial proceedings." (Conference Transcript, 14:15-17, October 15, 2025).

While it is true that I made the decision to bring this lawsuit, such a lawsuit was my only last resort to assert my rights and receive my necessary and reasonable accommodations on the New York Law Exam and bar exam. The accommodation-request process entails strict confidentiality requirements upon the Defendants with respect to the handling of my personal information pertaining to my disability and request for accommodations.

Notably, no public interest is served by my name being revealed. The name of a plaintiff *would not provide any additional value* to members of the public seeking to rely on this case. As stated in my previous request,

> On the contrary, the public interest of protecting the identities of disabled individuals who litigate denied accommodation requests would be further served by allowing me to proceed with my initials. I only seek to redact my full name and identifying information – as opposed to sealing the entire record. *See T.W.*.

*9. Whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.*

Again, this significantly relevant factor was not addressed by the Magistrate. As stated in my initial request, "there is an 'atypically weak public interest' in knowing my identity – as the 'purely legal nature of the issue' is resolvable in a manner that will provide valuable precedent to the public without the use of my full name."

## 10. Whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

The Magistrate said "finally, I think there's a sufficient alternative mechanism to protect the privacy of plaintiff's medical condition by redacting that out of the Complaint and court filings, and that's more than sufficient to address plaintiff's concerns without anonymizing her name." (Conference Transcript, 15:21-25, 16:1 October 15, 2025).

This statement completely disregards the essential fact that the issue in this case turns on whether my medical condition constitutes a disability and warrants the granting of accommodations – which requires a showing that my condition is a "physical or mental impairment that substantially limits one or more major life activities," and that by reason of this disability, my accommodations are necessary and reasonable. Accordingly, it would be effectively impossible to protect my privacy by simply redacting the name of my condition, when the entire case turns on how substantially the condition limits me. Further, given the very limited number of disabilities (primarily cognitive) that correlate with a reasonable accommodation of 1.5x time and a reduced distraction setting, it would not be difficult for any reader to determine my condition or type of condition. Furthermore, simply redacting the name of the condition would be wholly ineffectual when the entirety of the remaining information in the filings pertain to the level of my impairment and the excruciating details of how I am limited by such impairment in my major life activities. Further, the fact that I have a disability *at all*, and requested accommodations *at all*, should be kept confidential, in accordance with the policy directives of the ADA – not mere redaction of the name of my specific condition.

I raised these concerns in my initial request, in which I stated,

> The resolution of the sole issue in this case – the denial of my request for accommodations – turns on the intricate details of my disability. The fact that I requested an accommodation at all should be maintained confidential – which is only possible if my full name and other identifying information is redacted from this matter. Further, all filings in this case, including the complaint, would require intensive analysis of the intricate details of my disability.

**Case Law Addressed by Magistrate**

The Magistrate's citation to the case of Doe v. Combs, 2025 WL 1879516 (S.D.N.Y. 2025) ("Combs") does not support the denial of my motion. In that case, the Court found that the plaintiff failed to establish the majority of the Sealed Plaintiff factors. For example, in connection with the factor involving the possible mental harm that could result, the plaintiff in Combs merely alleged that public disclosure "could spark more trauma" which would cause "extreme psychological distress". However the Combs plaintiff failed to provide any specific details of an actual psychological diagnosis corroborated by a mental health professional. To the contrary here, I provided comprehensive details about my medical history including a specific medical diagnosis corroborated by my treating mental health professional.

Further, in the Combs case, the plaintiff was not litigating against government actors, unlike I am here. There are no concerns here, as there are in private civil suits, in protecting open judicial proceedings. Perhaps the most significant difference between this matter and Combs is the prejudice the Court found the Combs defendant would suffer if the plaintiff were permitted to proceed anonymously. There, the Combs defendant never knew the plaintiff's identity. The Court referenced the "imbalance" in the relationship between those parties and found this imbalance could impede discovery and the possibility of settlement. Clearly, these concerns are not present in this matter. The Defendants know my identity and they remain unable to point to any possible prejudice they would suffer if I were to remain anonymous. Indeed, Defendants did not even oppose this portion of my motion. Finally, in the Combs case, which involved a sexual assault, the Court was concerned with the interest of the accused to be able to publicy confront its accuser. Of course, these concerns are not implicated here. The holding in Combs simply has no application to this matter. In light of the foregoing, it is clear that Magistrate Dunst's reliance on the Combs case was clearly erroneous and contrary to law.

In addition, Magistrate Dunst erred in citing to and relying on Doe v. National Conference of Bar Examiners, 2017 WL 74715 (E.D.N.Y. 2017). In that matter, the Court did not permit the plaintiff to proceed anonymously; however, the facts in that matter are completely distinguishable from this case. There, the plaintiff and one of the employees of the NCBE apparently had a squabble regarding the propriety of the paperwork filed by the plaintiff. After the plaintiff refused to sign one of the documents, the NCBE refused to process her application for admission and the plaintiff thereafter commenced the action against NCBE. There were no

disabilities involved and no confidential psychological or medical issues were implicated there. The only reason the plaintiff wanted to proceed anonymously was to prevent embarrassment and retaliation. To the contrary here, I have satisfied the majority of the required balancing factors and demonstrated that I am particularly vulnerable to the possible harms of disclosure of my identity. The fact that I have requested an accommodation at all should remain confidential, and Magistrate Dunst's failure to recognize this is **contrary to law**.

Finally, the Magistrate's citation to T.W. v. N.Y. State Bd of Law Examiners, 2017 U.S. Dist. Lexis 158060 (E.D.N.Y 2017), in support of the denial of Plaintiff's motion actually supports my request to proceed anonymously. There, despite the fact that prior to the plaintiff's motion the case was litigated under T.W.'s full name, the Court held this was only one of the factors which should be considered and was not conclusive. The Court specifically noted that the complaint in that case

> details T.W.'s medical history, including depression, anxiety, panic attacks and cognitive impairments; and alleges continuing reputational and psychological harm stemming from Defendants' alleged failure to provide necessary accommodations for these conditions during the bar exam. Although T.W.'s medical conditions are not necessarily uncommon, these alleged concerns are meaningful and are not counterbalanced by any prejudice to Defendants if the case proceeds under a pseudonym.

Id.

The exact same result is warranted here, where my sensitive medical and psychological information are involved. There would be absolutely no prejudice to the Defendants, as evident by the fact that they did not even oppose this portion of the motion. Clearly, the identity of a plaintiff adds little to public understanding when the case turns on legal questions such as whether an accommodation was properly denied. Forcing me to publicly reveal the fact that I have a disability and was forced to pursue my legal right to secure a reasonable accommodation undermines the entire ADA's core promise of dignity and equal access.

## **CONCLUSION**

Based on the foregoing, this Court should grant these Objections to the Magistrate's determination; and this Court should grant my request to proceed in this matter under the pseudonym, "A.V.".