UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| A.V.,<br>　　　　　　　　　　　Plaintiff,<br><br>　　　　-v-<br><br>The New York State Board of Law Examiners,<br>Carmen Beauchamp Ciparick, John J. Mcalary,<br>Jessica A. Mcclung, Bryan R. Williams,<br>Michael Colodner, Victoria A. Graffeo, Carol C. Villegas,<br>Lawrence Lewandowski,<br>　　　　　　　　　　　Defendants. | 2:25-cv-4128<br>(NJC) (LGD) |

# **MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, United States District Judge:

　　This action concerns claims by pro se Plaintiff A.V. against the New York State Board of Law Examiners and a number of individual defendants for disability discrimination under various federal and state statutes. A.V. filed a motion for leave to proceed anonymously (ECF No. 24), which was denied through an oral order by Magistrate Judge Lee G. Dunst (the "Oral Order"). (ECF No. 38.) A.V. filed Objections to the Magistrate Judge's Findings on October 28, 2025 (ECF No. 47). She then refiled the same document as a Motion to Set Aside the Magistrate's Findings on October 29, 2025 ("Objections") (ECF No. 45). This Court considers the later filed document as A.V.'s Objections to the Oral Order since both filings are substantively identical.

　　For the reasons explained below, the Court modifies and affirms the order denying A.V.'s motion to proceed anonymously.

　　Rule 72(a) of the Federal Rules of Civil Procedure ("Rule 72") governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings. Under Rule 72, "[t]he district

judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The clearly erroneous or contrary to law standard is "highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused [her] discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotation marks and citations omitted); *Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) ("Under the clear error standard, we 'may not reverse [a finding] even though convinced that had [we] been sitting as the trier of fact, [we] would have weighed the evidence differently.'") (quoting *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67 (2d Cir. 1999)) (alterations in original).

Rule 10(a) of the Federal Rules of Civil Procedure requires the title of a complaint to list the names of all parties to the action. *See* Fed. R. Civ. P. 10(a). This rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–89 (2d Cir. 2008). Nonetheless, the Second Circuit has recognized that, under certain circumstances, a party may have a significant interest in litigating under a pseudonym. *See id*. at 189. Accordingly, in *Sealed Plaintiff*, the Second Circuit articulated a non-exhaustive list of factors for courts to consider when evaluating a motion seeking leave to proceed anonymously:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's

interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 189–190 (internal quotation marks, alterations, and citations omitted). When evaluating a party's motion to proceed anonymously, the "district court need not 'list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.'" *Doe v. Combs*, No. 24-cv-7776, 2025 WL 1079038, at *1 (S.D.N.Y. April 9, 2025) (S.D.N.Y. 2025) (quoting *Sealed Plaintiff*, 537 F.3d at 191 n.4).

Based on the transcript of the oral ruling, Judge Dunst did not consider some of the arguments raised by A.V. in her motion to proceed anonymously. For example, Judge Dunst found that A.V. had failed to identify any "specifically sufficient harm" (Oct. 15 Hr'g Tr., ECF No. 52, 15:15–17) from proceeding under her name in this litigation, but did not acknowledge A.V.'s cited concerns regarding potential reputational harm in that potential employers "may not understand the validity and necessity of disability accommodations" due to ongoing stigma around the assertion of disability rights and may view her negatively for seeking accommodations for her asserted disability in the administration of the bar exam. (Objections at 3.) Although not dispositive, such a concern tips in favor of granting the motion to proceed anonymously. Similarly, while Judge Dunst noted that A.V. disclosed her identity in certain filings on the docket, A.V. nevertheless sought to protect her identity from disclosure and the few times in which her name, email address, or home address were disclosed were due to procedural requirements for filing documents on the docket. (Objections at 5–6.) This factor is therefore neutral at best.

Nonetheless, the balance of the ten *Sealed Plaintiff* factors weighs in favor of denying the motion, especially in light of the alternative mechanisms existing for protecting sensitive medical and health information, such as redacting all filings that detail A.V.'s medical conditions, diagnoses, and treatment. (*See* Oct. 15 Hr'g Tr., ECF No. 52, at 14:3–16:16.) Indeed, as Judge Dunst mentioned, the requirement that a complaint name all parties to the litigation serves the "vital purpose of facilitating public scrutiny of judicial proceedings," and that purpose is not set aside easily. (*Id*. at 10:18–19.)

Accordingly, Judge Dunst's denial of A.V.'s motion to proceed anonymously is not clearly erroneous or contrary to law. *See Atl. Specialty Ins. Co.*, 945 F.3d at 63. The Oral Order is hereby affirmed.

Dated: Central Islip, New York
November 28, 2025

    */s/ Nusrat J. Choudhury*
NUSRAT J. CHOUDHURY
United States District Judge